IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES LAMONT WATSON,                )
                                      )
              Plaintiff,              )
                                      )
     v.                               )          1:25-cv-1065
                                      )
OFFICER DARIEN BURNSIDE,              )
SERGEANT TIFFANY LYONS,               )
and DUKE UNIVERSITY,                  )
                                      )
              Defendants.             )

**ORDER**

This matter is before the court for review of the Text

Recommendation ("Recommendation") filed on December 2, 2025, by

the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (See

Docket Entry 12/02/2025.) In the Recommendation, the Magistrate

Judge recommends that the court permit this case to proceed as

to the individual capacity claims against the two individual

Defendants but that all claims against Defendant Duke University

Police Department ("Duke") and the official capacity claims

against the two individual Defendants (employed by Defendant

Duke) be dismissed without prejudice. The Recommendation was

served on Plaintiff December 2, 2025. (Doc. 4.) Plaintiff filed

timely objections, (Doc. 5), to the Recommendation. Plaintiff

contends that he objects to the recommendation. Despite his

objection, Plaintiff informs the court that he does not oppose

the court's conclusion regarding the police department, and requests for leave to amend the complaint to substitute Duke University as the proper defendant. (Id. at 1.) On January 22, 2026, Plaintiff filed a First Amended Complaint substituting Duke University for Duke University Police Department, as Defendant. (Doc. 8.) In response, Defendant Officer Darien Burnside filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 12.) Plaintiff responded in opposition to the motion to dismiss. (Doc. 17.)

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . .[,] or recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has considered Plaintiff's arguments in his objections and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Text Recommendation, (Docket Entry 12/02/2026), is **ADOPTED.**

- 2 -

**IT IS FURTHER ORDERED** that all claims against Defendant Duke University Police Department ("Duke") and the official capacity claims against the two individual Defendants (employed by Defendant Duke) are **DISMISSED WITHOUT PREJUDICE.**

This case shall proceed as to the individual capacity claims against Defendants, Officer Darien Burnside and Sergeant Tiffany Lyons.

This the 28th day of April, 2026.

_____
United States District Judge

- 3 -